## STRAFFORD,

### JULY TERM, A. D. 1847.

### STATE *v.* BURNS.

An indictment alleging that A. and B., "not being a licensed taverner or retailer," did sell, &c., sufficiently negatives the qualification of each of them.

INDICTMENT, alleging that John Burns and Patrick H. Burns, both of Dover, and co-partners in business, on, &c., at, &c., "not being then and there a licensed taverner or retailer, did then and there unlawfully sell one pint of spirituous liquors," to one R. P. H., contrary to the form of the statute, &c.

The defendants demurred, and assigned for cause that the indictment fails to allege that the defendants were not, at the time of the alleged offence, licensed taverners or retailers, &c.

*Clark,* solicitor, for the State.

*Woodman,* for the defendants.

GILCHRIST, J. The indictment charges that John Burns and Patrick H. Burns, on a day and at a place named,

"not being then and there a licensed taverner or retailer," did sell spirituous liquors, &c.

There is a demurrer for the cause that the indictment does not contain a sufficient negation of the qualification of the defendants. But we think the indictment is well. It is the same as if it alleged that John Burns, not being a licensed taverner, &c., and Patrick H. Burns, not being a licensed taverner, &c., did sell, &c.

The indictment should in some apt form impute to the defendants severally the disqualification, and it may well be understood so to do in its present form, *reddendo singula singulis.*

*Demurrer overruled.*